```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLARD E. BARTEL                :    CONSOLIDATED UNDER
(Administrator for Estate of     :    MDL 875
William A. Lawrence),            :
ET AL.,                          :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :
                                 :
A-C PRODUCT LIABILITY TRUST,     :
ET AL.,                          :    E.D. PA CIVIL ACTION NO.
                                 :    5:11-45628-ER
     Defendants.                 :
```

**O R D E R**

**AND NOW**, this **16th** day of **December, 2016**, upon consideration of the Thompson Hine Shipowner Defendants'[1] Motion for Summary Judgment (Judicial Estoppel) (ECF No. 55), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED without prejudice in part**, as follows:

    (1) The motion is **DENIED** as to the arguments related to judicial estoppel (with respect to <u>all</u> claims);

    (2) With respect to Plaintiffs' <u>non-malignancy</u> claims, the motion is **DENIED without prejudice** as

---

[1] These Defendants are: (1) American Transportation Company, Inc., (2) Central Gulf Lines, Inc., (3) United Fruit Company, (4) Farrell Lines Incorporated, (5) Marine Transport Lines, Inc., and (6) Mystic Steamship Corporation.

      to the arguments related to the real party in interest/standing; and

(3) With respect to Plaintiffs' malignancy claims, the motion is **DENIED** as to the arguments related to the real party in interest/standing.

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

(1) The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum and have filed said copy on the docket of both (i) Mr. Lawrence's First Bankruptcy case in the Bankruptcy Court for the Eastern District of Virginia (No. 96-bk-27866-DHA)(the "First Bankruptcy"), and (ii) Mr. Lawrence's Second Bankruptcy case in the Bankruptcy Court for the Eastern District of Virginia (No. 05-bk-70515-DHA)(the "Second Bankruptcy"); (b) ascertain the identity of the trustee to each bankruptcy (the "First Trustee" and the "Second Trustee"); and (c) serve a copy of said order and memorandum upon both the First Trustee and the Second Trustee at each of his/her last known addresses;

(2) The First Trustee will have <u>sixty (60) days</u> from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court in the First Bankruptcy action to provide a signed letter to this Court (a) confirming that he/she has petitioned the Bankruptcy Court to reopen Mr. Lawrence's First Bankruptcy proceedings and (b) certifying his/her intention to be added as a party-plaintiff in the instant case (substituting only as to the non-malignancy claims, with the Administrators of Mr. Lawrence's estate (Willard E. Bartel and David E. Peebles) continuing as the named Plaintiffs with respect to the malignancy claims);

(3) Once the First Trustee has petitioned the Bankruptcy Court to reopen the First Bankruptcy proceedings, and until a motion for addition as a party-plaintiff (substituting only for the non-malignancy claims) has been filed by the First Trustee, he/she is to file a monthly status update with this Court (by the last day of each month), (a) informing the Court of the status of the petition to reopen the First Bankruptcy

3

       proceedings, and (b) certifying his/her continuing intention to pursue the non-malignancy claims in the instant case;

(4)    If the First Bankruptcy proceedings are reopened, the First Trustee will have thirty (30) days from the date of the bankruptcy court's order reopening those proceedings to move in the instant case to be added as a party-plaintiff (substituting only for non-malignancy claims);

(5)    In the event that the First Trustee (a) fails to advise this Court within the sixty (60) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Mr. Lawrence's First Bankruptcy proceedings and intends to proceed with the non-malignancy claims, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d) fails to move to be added as a party-plaintiff in the instant case (substituting only for the non-malignancy claims) within thirty days of the Bankruptcy Court's reopening of the First Bankruptcy case: the Court will give the Second

4

       Trustee an <u>additional thirty (30) days</u>[2] to provide this Court with notice that he or she intends to petitioned the Bankruptcy Court to reopen Mr. Lawrence's First Bankruptcy proceedings in order to move to compel abandonment of the claims by the First Bankruptcy estate such that the Second Bankruptcy estate may pursue the claims for recovery on behalf of the creditors in the Second Bankruptcy action, and (b) certifying his/her intention to be added as a party-plaintiff in the instant case (substituting only as to the non-malignancy claims, with the Administrators of Mr. Lawrence's estate (Willard E. Bartel and David E. Peebles) continuing as the named Plaintiffs with respect to the malignancy claims);

(6)   Once the Second Trustee has petitioned the Bankruptcy Court to reopen the First Bankruptcy proceedings, and until a motion for addition as a party-plaintiff (substituting only for the non-malignancy claims) has been filed by the Second

---

[2] This would be ninety (90) days from the date the memorandum and order are filed on the Bankruptcy Court's docket (for events pursuant to 5(a) or 5(b); or thirty (30) days from the date of the pertinent failure pursuant to 5(c) or 5(d)).

       Trustee, he/she is to file a monthly status update with this Court (by the last day of each month), (a) informing the Court of the status of the petition to reopen the First Bankruptcy proceedings, and (b) certifying his/her continuing intention to pursue the non-malignancy claims in the instant case;

(7) If the First Bankruptcy proceedings are reopened and the claims abandoned, the Second Trustee will have thirty (30) days from the date of the bankruptcy court's order (deeming the claims abandoned in those proceedings) to move in the instant case to be added as a party-plaintiff (substituting only for non-malignancy claims);

(8) In the event that the Second Trustee (a) fails to advise this Court within the additional thirty (30) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Mr. Lawrence's First Bankruptcy proceedings and intends to proceed with the non-malignancy claims, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d)

fails to move to be added as a party-plaintiff in the instant case (substituting only for the non-malignancy claims) within thirty days of the Bankruptcy Court's order confirming abandonment of the claims by the estate of the First Bankruptcy case: the Court will give Plaintiffs an additional thirty (30) days[3] to provide this Court with notice that he or she intends to either (i) pursue only the malignancy claims, or (ii) petition the Bankruptcy Court for the Eastern District of Virginia to reopen both Mr. Lawrence's First and Second Bankruptcy proceedings in order to move to compel abandonment of the claims by each of the First and Second Bankruptcy estates such that Plaintiffs may pursue the non-malignancy claims.

**AND IT IS SO ORDERED.**

/s/ Eduardo Robreno
EDUARDO C. ROBRENO,   J.

---

[3] This would be 120 days from the date the memorandum and order are filed on the Bankruptcy Court's docket in the First Bankruptcy (for events pursuant to 8(a) or 8(b); or thirty (30) days from the date of the pertinent failure pursuant to 8(c) or 8(d)).